# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

KUPAA KEA,

      Plaintiff

v.

DIVISION OF PAROLE AND
PROBATION, et al.,

      Defendants

Case No.: 3:22-cv-00115-MMD-CSD

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF Nos. 2, 2-1, 2-2, 6

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff was incarcerated when he filed his initial application to proceed in forma pauperis (IFP) (ECF No. 2), pro se complaint (ECF No. 2-1) and motion for appointment of counsel (ECF No. 2-2). Plaintiff subsequently filed a notice of change of address indicating he is no longer incarcerated (ECF No. 5), and filed a new IFP application (ECF No. 6).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of Plaintiff's second application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application (ECF No. 6) should be granted and his prior IFP application (ECF No. 2) should be denied as moot.

## II. SCREENING

### A. Standard

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can granted under § 1915(e)(2)(B)(ii) is the same as the

Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

**1. Defendants**

Plaintiff's Complaint names the Division of Parole and Probation, Parole Officers Heather Digesti and C. Congdon as well as the Chief of Parole and Probation.

## 2. General Allegations

Plaintiff alleges that on December 22, 2021, he was contacted by his new parole officer, C. Congdon, who asked him to come to her office for his monthly check in the next day. Plaintiff was returning from Las Vegas where he had picked up his son from his mother for the holidays. He checked in with Congdon as promised. Congdon introduced herself to Plaintiff and then introduced two detectives from the Reno Police Department's (RPD) Gang Unit. Congdon instructed Plaintiff to complete his urinalysis and then speak with the detectives. Plaintiff said he had no reason to speak to the detectives and attempted to invoke his Fifth Amendment rights. Congdon told Plaintiff it would be a violation if he did not do as instructed. As a result, Plaintiff agreed to speak with the detectives. As required, Plaintiff placed his keys, wallet, and phone on Congdon's desk. Congdon asked for Plaintiff's phone passcode. Plaintiff invoked the Fifth Amendment, but was again told he would be violated if he did not comply. Plaintiff reluctantly gave Congdon the passcode to his phone. After his urinalysis, Plaintiff spoke with the detectives for 20-30 minutes and was asked several questions about his offense and about current gang activity and gang relations. Plaintiff said he did not affiliate with gangs or gang members.

Plaintiff stepped out of the room and saw that Congdon was with Digesti, who was Plaintiff's former parole officer. Congdon had reviewed Plaintiff's phone with Digesti, and Congdon told Plaintiff that he should not have been in Las Vegas under Digesti's orders and previous sanctions. Digesti and Congdon then searched Plaintiff's vehicle, which was parked outside, and they found a box of business cards for Mob City Tattoo Parlor. Digesti and Congdon attempted to interrogate Plaintiff for an hour while Plaintiff invoked the Fifth Amendment. They detained Plaintiff and had Plaintiff taken to the Washoe County Jail for parole violations and placement of a hold.

Congdon called the transporting officer to ask Plaintiff for the pin codes to enter to a private commercial building (the tattoo parlor). Plaintiff invoked the Fifth Amendment again. Congdon and Digesti broke the locks and entered the building and seized a computer tower. They then went to Plaintiff's residence and opened the front door with Plaintiff's confiscated keys and began searching Plaintiff's home. Ultimately, Plaintiff received residence and employment parole violations.

Plaintiff was taken into the custody of the Nevada Department of Corrections (NDOC). He was seen by the parole board and was sentenced to a 30-day temporary revocation for these violations. Plaintiff was mid-way through his 30-day revocation when another officer told Plaintiff he needed to find a different place to live because his parole officer did not approve of his residence.

Plaintiff asserts violations of his rights under the First, Fifth and Sixth Amendments.

**3. Claim 1**

Plaintiff alleges his First Amendment right to be free from retaliation and his Sixth Amendment right to due process were infringed when he was violated for being in Las Vegas when that was not a condition of his parole and before all sanctions were exhausted. He also avers that Digesti told Congdon to violate Plaintiff for "talking back."

Plaintiff further claims that Digesti was named in a section 1983 civil rights lawsuit by Plaintiff, and he filed five formal complaints against her. He contends she should not have been involved at all because she was his former parole officer. Plaintiff contends that Congdon retaliated against him because she knew of the ill relations between Plaintiff and Digesti yet she still allowed Digesti to involve herself with Plaintiff.

1    Plaintiff alleges that the Division of Parole and Probation violated Plaintiff's rights by

2 allowing its employees to retaliate against Plaintiff, and the Chief of Parole and Probation also

3 allowed the Division, Digesti and Congdon to violate his rights.

4    **a. Parole Violations**

5    "[P]arole board members are entitled to absolute immunity when they perform 'quasi-

6 judicial' functions." *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (citation omitted).

7 As such, parole board officials "are entitled to absolute quasi-judicial immunity for decisions to

8 grant, deny, or revoke parole because these tasks are functionally comparable to tasks performed

9 by judges." *Id*. (citations and quotation marks omitted). "Absolute immunity has also been

10 extended to parole officials for the imposition of parole conditions and the execution of parole

11 revocation procedures, tasks integrally related to an official's decision to grant or revoke parole."

12 *Id*. (citation and quotation marks omitted).

13    "[P]arole officials are not entitled to absolute immunity for conduct not requiring the

14 exercise of quasi-judicial discretion." *Id*. (citation and quotation marks omitted). "[W]hile parole

15 officials may claim absolute immunity for those actions relating to their responsibility to

16 determine whether to revoke parole, their immunity for conduct arising from their duty to

17 supervise parolees is qualified." *Id*. (citations and quotation marks omitted). Parole officials are

18 not entitled to absolute immunity for investigating alleged parole violations. *Id*. at 1191. They

19 are also not entitled to absolute immunity when ordering the issuance of a parole hold and arrest

20 independent from the board's decision-making authority. *Id*. at 1192.  A parole official's request

21 that the board initiate revocation proceedings would not be subject to absolute immunity. *Id*. at

22 1193.

23

Plaintiff's allegations relate to conduct Congdon and Digesti allegedly took while supervising Plaintiff on parole, and therefore, at least based on these averments, they are not entitled to absolute immunity.

Although "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence[,]" *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979), once an inmate has been released on parole, his "liberty is valuable and must be seen as within the protection of the Fourteenth Amendment." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *see also Benny v. United States Parole Comm'n*, 295 F.3d 977, 985 (9th Cir. 2002).

The revocation of parole, however, "is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Morrissey*, 408 U.S. at 480 (citation omitted). Instead, "a parolee is entitled to two hearings, one a preliminary hearing at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole, and the other a somewhat more comprehensive hearing prior to the making of the final revocation decision." *Gagnon v. Scarpelli*, 411 U.S. 778, 781-82 (1973). The Supreme Court has established the "minimum requirements of due process" at each of these two stages. *Morrissey*, 408 U.S. at 485-90.

"The first stage occurs when the parolee is arrested and detained, usually at the direction of his parole officer." *Id*. at 485. At this stage, "due process requires that after the arrest, the determination that reasonable ground exists for revocation of parole should be made by someone not directly involved in the case." *Id*. The parolee should be given notice of the preliminary hearing and the purpose of the hearing, including what parole violations are alleged. The parolee

7

may speak on his behalf and offer evidence or witnesses to give relevant information to the hearing officer. The parolee may request to question a person who gives adverse information. *Id.* at 486-87. The parolee is entitled to a written summary of the proceedings and a decision on the record. *Id.* at 487.

The second stage is the parole revocation hearing. The parolee is entitled to written notification of the alleged parole violations, disclosure of the evidence against him, the opportunity to be heard and to present witnesses and evidence and to cross-examine adverse witnesses. He is entitled to a "neutral and detached" hearing body that must submit a written statement of the evidence relied on and the reasons for revoking parole. *Id.* at 488-89.

Essentially, Plaintiff alleges there were not valid grounds for Congdon and Digesti to find he violated the terms and conditions of his parole. He does not allege, however, that he was not provided the procedural protections due to a parolee. This claim against Congdon and Digesti should be dismissed; however, the dismissal should be with leave to amend so that Plaintiff may attempt to correct these deficiencies.

It is unclear whether Plaintiff is claiming that Congdon and Digesti improperly arrested him when he was detained, the hold was placed and he was sent to the jail. A law enforcement officer needs only a reasonable belief a parolee has violated the terms of his parole in order to effectuate an arrest. *United States v. Rabb*, 752 F.2d 1320, 1324 (9th Cir. 1984), *abrogated on other grounds by Bourjaily v. United States*, 483 U.S. 171, 181 (1987). If Plaintiff wishes to state a Fourth Amendment claim for an unlawful arrest/seizure, he needs to include specific factual allegations outlining the contours of this claim in any amended complaint.

**b. Retaliation**

In the prison context, "[s]ection 1983 provides a cause of action for prison inmates whose constitutionally protected activity has resulted in retaliatory action by prison officials." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015). The plaintiff must allege the state actor took adverse action against him because of his protected conduct and such action chilled the exercise of First Amendment rights and did not reasonably advance a legitimate correctional goal. *Id.* (citing *Rhodes v. Robinson*, 408 F.3d 1276, 1279 (9th Cir. 1995)).

Assuming for purposes of screening that a parolee may maintain a retaliation claim against a parole officer, Plaintiff's allegations are insufficient. Plaintiff alleges that Congdon and Digesti took adverse action against him, and he alleges that he filed complaints against Digesti, but he does not include facts to demonstrate a causal connection between the adverse action and the protected activity (the complaints against Digesti). Moreover, Plaintiff does not include allegations that their conduct chilled the exercise of his First Amendment rights, and that they did not reasonably advance any legitimate government interest.

This retaliation claim against Digesti and Congdon should be dismissed; however, the dismissal should be with leave to amend so Plaintiff may attempt to correct these deficiencies.

**c. Nevada Division of Parole and Probation**

Nevada's Division of Parole and Probation is an agency that is an arm of the state and is immune from suit section 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Savage v. Glendale Union High School,* 343 F.3d 1036, 1040 (9th Cir. 2003); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Therefore, Plaintiff's complaint should be dismissed with prejudice as to the Division of Parole and Probation.

### d. Chief of Parole and Probation

Insofar as Plaintiff sues the unidentified Chief of Parole and Probation, under Section 1983, "[a] supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation or (2) there is a 'sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). In addition, the use of "Doe" pleading against an unidentified defendant is not favored. *Gillespie v. Civiletti*, 619 F.2d 637, 642 (9th Cir. 1980). The Chief of Parole and Probation should be dismissed because Plaintiff has yet to identify the defendant, and Plaintiff does not include sufficient factual allegations to state a claim against Digesti's and Congdon's supervisor.

### 4. Claim 2

Second, Plaintiff asserts a violation of his First Amendment right against retaliation against Digesti, detailing their acrimonious history and his formal complaints against her. He avers that Congdon did not protect Plaintiff from Digesti's retaliatory behavior.  Plaintiff alleges the Division of Parole and Probation failed to protect Plaintiff from retaliation. Plaintiff similarly claims the Chief of Parole and Probation failed to protect Plaintiff from retaliation.

Claim 2 should be dismissed because it is duplicative of Plaintiff's other claims for retaliation, which are insufficient. Plaintiff should be given leave to amend to attempt to state a retaliation claim against Digesti, Congdon and the Chief of Parole and Probation when that person is identified; however, the Division of Parole and Probation should be dismissed with prejudice.

**5. Claim 3**

Third, Plaintiff alleges Congdon violated Plaintiff's First and Fifth Amendment rights when she forced him to speak with the detectives. He avers that Digesti violated his First and Fifth Amendment rights when she allowed this interview with the detectives to take place. He claims that the Division of Parole and Probation and Chief of Parole and Probation violated his First and Fifth Amendment rights because they had no rules to protect Plaintiff from this conduct.

The Fifth Amendment, applicable to the States by the Fourteenth Amendment provides that "[n]o person … shall be compelled *in any criminal case* to be a witness against himself." U.S. Const. amend. 5 (emphasis added). Plaintiff does not allege that any statements made to the detectives were used in a criminal case against him. *See Chavez v. Martinez*, 538 U.S. 760, 766-67, 770 (2003) (plurality opinion); *Chavez v. Robinson*, 12 F.4th 978, 991-92 (9th Cir. 2021) (finding they were bound by the rule adopted by six justices in *Chavez* that "there can be no § 1983 claim unless a plaintiff's incriminating statement is introduced in his criminal proceeding"). Plaintiff does not allege his statements were used against him in any criminal proceeding, or that they were used against him at all.

Under the Fourteenth Amendment, "[c]onvictions based on evidence obtained by methods that are so brutal and so offensive to human dignity that they shoc[k] the conscience violate the Due Process Clause." *Id*. at 774 (citation and quotation marks omitted). In addition, "deprivations of liberty caused by 'the most egregious official conduct,'… may violate the Due Process Clause." *Id*. (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). Thus, "[t]he standard for showing a Fourteenth Amendment substantive due process violation … is quite demanding." *Stoot v. Everett*, 582 F.3d 910, 928 (9th Cir. 2009) (noting the reference in

1  *Chavez* to "police torture or other abuse" and Justice Kennedy's reference to "torture or its close

2  equivalents"). Plaintiff's complaint does not contain allegations of interrogations that "shock the

3  conscience" so as to violate substantive due process.

4     Claim 3 does not include allegations that implicate the First Amendment.

5     In sum, this claim should be dismissed. In an abundance of caution, the dismissal should

6  be with leave to amend as to Congdon, Digesti and the Chief of Parole and Probation (once

7  identified) so Plaintiff can attempt to assert a colorable claim within the parameters described

8  above. The Division of Parole and Probation should be dismissed with prejudice.

9  **6. Claim 4**

10     Fourth, Plaintiff alleges First Amendment retaliation and Fifth Amendment illegal search

11  and seizure claims related to the alleged taking and searching of his phone by Congdon and

12  Digesti. Plaintiff claims the Division of Parole and Probation and Chief of Parole and Probation

13  failed to protect Plaintiff from retaliation and did not establish rules and regulations to prevent

14  the violation of his rights.

15     While Plaintiff references the Fifth Amendment, it appears that he intends to assert a

16  claim for an illegal search under the Fourth Amendment, which provides for the "right of the

17  people to be secure in their persons, houses, papers, and effects, against unreasonable searches

18  and seizures[.]" U.S. Const. amend IV.

19     The court finds that Plaintiff states a colorable Fourth Amendment claim against

20  Congdon and Digesti related to his cell phone; however, the Chief of Parole and Probation

21  should be dismissed with leave to amend (once identified). To the extent Plaintiff references

22  retaliation, he does not include sufficient factual allegations to state a retaliation claim in Claim

23  4. He should be given leave to amend to attempt to assert a retaliation claim consistent with the

discussion above regarding Claim 1 as to Congdon, Digesti and the Chief of Parole and Probation (once identified).The Division of Parole and Probation should be dismissed with prejudice.

**7. Claim 5**

Plaintiff alleges First Amendment retaliation and Fifth Amendment illegal search and seizure claims related to the search of the tattoo parlor and Plaintiff's residence by Congdon and Digesti. He alleges that the Division of Parole and Probation and Chief violated his rights by allowing the search to occur and by not enforcing or establishing rules to prevent such tactics.

Liberally construing Plaintiff's complaint, the court finds Plaintiff states a claim for an illegal search of his business and residence against Digesti and Congdon under the Fourth Amendment (not the Fifth Amendment). However, the Chief of Parole and Probation should be dismissed with leave to amend (once identified). The court notes that "[p]olice or parole officers may lawfully conduct searches of parolees or their residences without satisfying the Fourth Amendment's warrant requirement when certain conditions are met. One such condition is that the parolee is subject to a provision authorizing such warrantless searches." *U.S. v. Grandberry*, 730 F.3d 968, 973 (9th Cir. 2013) (citations omitted). Once served, Defendants may have an argument that the searches were reasonable under the Fourth Amendment if a condition of Plaintiff's parole was that he be required to submit to warrantless searches at any time.

To the extent Plaintiff references retaliation, he does not include sufficient factual allegations to state a retaliation claim in Claim 5. He should be given leave to amend to attempt to assert a retaliation claim against Congdon, Digesti, and the Chief of Parole and Probation (once identified) consistent with the discussion above regarding Claim 1.

The Division of Parole and Probation should be dismissed with prejudice from this claim.

**8. Claim 6**

Sixth, Plaintiff alleges First Amendment retaliation and Sixth Amendment due process claims regarding the decision that he could no longer live at his former address after his revocation. Plaintiff claims this was done because Digesti had issues with Plaintiff's relationship with his wife, and so Digesti and Congdon conspired to retaliate against him in this regard. Plaintiff claims the Division of Parole and Probation and Chief of Parole and Probation failed to protect Plaintiff's rights by establishing rules and regulations concerning addresses and relations and by allowing this to occur.

Insofar as Plaintiff alleges that his due process rights were violated when a condition was imposed that Plaintiff not be able to return to his former residence, his claim should be dismissed with prejudice because parole officials have absolute immunity with respect to the imposition of parole conditions. *Swift,* 384 F.3d at 1189.

To the extent Plaintiff references retaliation, he does not include sufficient factual allegations to state a retaliation claim in Claim 6. He should be given leave to amend to attempt to assert a retaliation claim against Congdon, Digesti, and the Chief of Parole and Probation (once identified) consistent with the discussion above regarding Claim 1. The Division of Parole and Probation should be dismissed with prejudice.

**C. Motion for Appointment of Counsel**

Plaintiff seeks the appointment of counsel on the basis that he is asserting a multitude of claims, he has limited knowledge of the law, and his claims are complex.

"[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any

person unable to afford counsel." That being said, the appointment of counsel for an indigent litigant in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer,* 560 F.3d at 970 (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citation omitted).

Plaintiff has not set forth exceptional circumstances exist that justify the appointment of counsel. First, while Plaintiff lacks a legal education, that is the case for almost all pro se, IFP litigants that come before the court. Next, Plaintiff asserts a variety of claims, but they are not unduly complex and he has shown an ability to adequately articulate himself thus far. Finally, Plaintiff has not demonstrated that he is likely to succeed on the merits of his claims.

For these reasons, Plaintiff's motion for appointment of counsel should be denied.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 6) and **DENYING AS MOOT** Plaintiff's prior IFP application (ECF No. 2). Plaintiff is permitted to maintain this action without prepaying the filing fee.

(2) The complaint (ECF No. 2-1) should be **FILED**.

(3)  The Division of Parole and Probation should be **DISMISSED WITH PREJUDICE**.

(4) The due process and retaliation claims against Congdon, Digesti and the Chief of Parole and Probation (once identified) in Claim 1 should be **DISMISSED WITH LEAVE TO AMEND**;

(5) The retaliation claim in Claim 2 against Congdon, Digesti and the Chief of Parole and Probation (once identified) should be **DISMISSED WITH LEAVE TO AMEND**;

(6) Claim 3 should be **DISMISSED WITH LEAVE TO AMEND** as to Congdon, Digesti and the Chief of Parole and Probation (once identified);

(7) The Fourth Amendment claim in Claim 4 should **PROCEED** against Congdon and Digesti, but should be **DISMISSED WITH LEAVE TO AMEND** as to the Chief of Parole and Probation (once identified);

(8) The retaliation claim in Claim 4 should be **DISMISSED WITH LEAVE TO AMEND** as to Congdon, Digesti, and the Chief of Parole and Probation (once identified);

(9) The Fourth Amendment claim in Claim 5 should **PROCEED** as to Congdon and Digesti, but should be **DISMISSED WITH LEAVE TO AMEND** as to the Chief of Parole and Probation (once identified);

(10) The retaliation claim in Claim 5 should be **DISMISSED WITH LEAVE TO AMEND** as to Congdon, Digesti, and the Chief of Parole and Probation (once identified);

(11) The due process claim in Count 6 should be **DISMISSED WITH PREJUDICE**;

(12) The retaliation claim in Count 6 should be **DISMISSED WITH LEAVE TO AMEND** as to Congdon, Digesti, and the Chief of Parole and Probation (once identified);

(13) Plaintiff should be given 21 days from the date of any order adopting and accepting this Report and Recommendation to file an amended complaint. The amended complaint

must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall check the box for the first amended complaint on the court's form civil rights complaint. If Plaintiff fails to timely file an amended complaint, this action will only proceed on the two Fourth Amendment claims against Congdon and Digesti. Service will be addressed once Plaintiff has filed the amended complaint, or the deadline to file the amended complaint expires.

(14) The motion for appointment of counsel (ECF No. 2-2) should be **DENIED**

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 5, 2022

_____
Craig S. Denney
United States Magistrate Judge