UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| KUPAA KEA, | Case No. 3:22-cv-00115-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| DIVISION OF PAROLE & PROBATION, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Kupaa Kea brings this action against Defendants Division of Parole and Probation, Heather Digesti, C. Congdon, and Chief of Parole and Probation under 42 U.S.C. § 1983. (ECF No. 2-1.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 7), recommending that the Court grant Kea's application to proceed *in forma pauperis* (ECF No. 6 ("IFP Application")), deny Kea's previous IFP Application (ECF No. 2) as moot, and deny Kea's motion for appointment of counsel (ECF No. 2-2). Judge Denney also screens Kea's Complaint and recommends that some claims be permitted to proceed, while others be dismissed with or without prejudice, as described herein. (ECF No. 7 at 15-17.) Kea's objection to the R&R was due August 19, 2022. To date, no objection has been filed. For this reason, and as explained below, the Court adopts the R&R in full.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and

recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there was no objection, the Court need not conduct de novo review, and is satisfied that Judge Denney did not clearly err. To start, Kea's second IFP Application will be granted because it shows that he is unable to pay the filing fee. (ECF Nos. 6, 7 at 2.) *See* 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Second, Judge Denney correctly found that Kea failed to demonstrate exceptional circumstances for appointment of counsel because his claims are not overly complex, he has not shown a likelihood of success on the merits, and the reasons he provides are unexceptional compared to most prisoner civil rights cases. (ECF No. 7 at 14-15.) *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citations omitted).

Next, the Court agrees with Judge Denney's recommendations regarding Kea's claims in his Complaint. The Court finds that some of Kea's claims, as outlined below and in the R&R, should be dismissed because they are insufficiently pled, duplicative of other claims, or because the parole official has absolute immunity. (*Id*. at 5-14.) However, the Court agrees that Kea has stated colorable Fourth Amendment claims against Congdon and Digesti regarding the illegal search and seizure of his cellphone, and the illegal search of his business and residence. (*Id*. at 12-13.) Finally, Division of Parole and Probation is dismissed from this suit with prejudice because it is an arm of the state and immune from § 1983 suits. (*Id*. at 9.) *See Howlett v. Rose*, 496 U.S. 356, 365 (1990).

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 7) is accepted and adopted in full.

It is further ordered that Kea's second IFP Application (ECF No. 6) is granted. Kea is permitted to maintain this action without prepaying the filing fee.

It is further ordered that Kea's first IFP Application (ECF No. 2) is denied as moot.

It is further ordered that Kea's motion for appointment of counsel (ECF No. 2-2) is denied.

It is further ordered that Defendant Division of Parole and Probation is dismissed with prejudice.

It is further ordered that Kea's due process and retaliation claims against Congdon, Digesti, and the Chief of Parole and Probation (once identified) in Claim 1 are dismissed without prejudice and with leave to amend.

It is further ordered that Kea's retaliation claim in Claim 2 against Congdon, Digesti, and the Chief of Parole and Probation is dismissed without prejudice and with leave to amend.

It is further ordered that Claim 3 is dismissed without prejudice and with leave to amend as to Congdon, Digesti, and the Chief of Parole and Probation.

It is further ordered that Kea's Fourth Amendment claim in Claim 4 will proceed against Congdon and Digesti. However, the claim is dismissed without prejudice and with leave to amend as to the Chief of Parole and Probation.

It is further ordered that Kea's retaliation claim in Claim 4 is dismissed without prejudice and with leave to amend as to Congdon, Digesti, and the Chief of Parole and Probation.

It is further ordered that Kea's Fourth Amendment claim in Claim 5 will proceed against Congdon and Digesti. However, the claim is dismissed without prejudice and with leave to amend as to the Chief of Parole and Probation.

It is further ordered that Kea's retaliation claim in Claim 5 is dismissed without prejudice and with leave to amend as to Congdon, Digesti, and the Chief of Parole and Probation.

It is further ordered that Kea's due process claim in Claim 6 is dismissed with prejudice.

It is further ordered that Kea's retaliation claim in Claim 6 is dismissed without prejudice and with leave to amend as to Congdon, Digesti, and the Chief of Parole and Probation.

It is further ordered that Kea will have 21 days from the date of entry of this order to file an amended complaint. The amended complaint must be complete in and of itself and must contain all claims, Defendants, and factual allegations that Kea wishes to pursue in this lawsuit. Kea will check the box for the first amended complaint on the Court's form civil rights complaint.

If Kea fails to timely file an amended complaint, this action will only proceed on the two Fourth Amendment claims against Congdon and Digesti. The Court will address service once the amended complaint is filed, or the deadline to file the amended complaint has passed.

The Clerk of Court is directed to file the Complaint (ECF No. 2-1).

DATED THIS 29th Day of August 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE