UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| KUPAA KEA, | | Case No. 3:22-cv-00115-MMD-CSD |
| | Plaintiff, | ORDER |
| v. | | |
| DIVISION OF PAROLE & PROBATION, *et al.*, | | |
| | Defendants. | |

*Pro se* Plaintiff Kupaa Kea filed the Complaint in this action on March 3, 2022. (ECF No. 2-1.) However, more than a year later, Plaintiff has failed to submit his USM-285 forms or complete service on Defendants C. Congdon and Heather Digesti.[1] (ECF Nos. 10, 13, 14, 15.) For these reasons, and the reasons discussed below, the Court will dismiss this action without prejudice.

On November 7, 2022, U.S Magistrate Judge Craig S. Denney directed Plaintiff to submit his completed USM-285 forms for Defendants within 30 days. (ECF No. 10.) Judge Denney cautioned Plaintiff that if service was not completed within 90 days, Defendants may be dismissed without prejudice under Fed. R. Civ. P. 4(m). (*Id*. at 3.) However, the summons were returned unexecuted because Plaintiff failed to submit the forms. (ECF Nos. 13, 14.) The Court issued a notice of intent to dismiss Defendants under Rule 4(m) unless proof of service was filed by May 4, 2023. (ECF No. 12.) Judge Denney then extended this deadline and ordered Plaintiff to submit the completed USM-285 forms by May 30, 2023, or complete service on Defendants by June 30, 2023. (ECF No. 15.) In

---

[1]Congdon and Digesti are the only Defendants in this case. The Court previously adopted Judge Denney's Report and Recommendation ("R&R") and only allowed Plaintiff to proceed with his Fourth Amendment claims against Congdon and Digesti if he failed to file an amended complaint. (ECF Nos. 7 at 17, 8 at 4.) Plaintiff did not file an amendment complaint. (ECF No. 10 at 1.)

that order, Judge Denney, again, warned Plaintiff that if service was not timely, Defendants will be dismissed without prejudice. (*Id.*) To date, Defendants have not been served and Plaintiff has not submitted the USM-285 forms.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th

Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. Because this action cannot realistically proceed until and unless Plaintiff properly serves the two Defendants in this case, the only alternative is to enter a third order setting another deadline for service. But the reality of repeating ignored orders is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception because there is no showing that Plaintiff needs additional time or evidence that he did not receive the Court's prior orders. Setting another deadline is not a meaningful alternative in these circumstances. Thus, the fifth factor also favors dismissal.

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to properly serve Defendants C. Congdon and Heather Digesti, in compliance with the Court's November 7, 2022, and May 9, 2023, orders.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Plaintiff wishes to pursue his claims, he must file a complaint in a new case.

DATED THIS 3rd Day of July 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE